UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAFI MOUSTAFA BZEIH | CIVIL ACTION 1:17-CV-00709 |
| VERSUS | CHIEF JUDGE DRELL |
| JEFFERSON B. SESSIONS III, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Respondents filed a motion to dismiss Bzeih's habeas petition (Doc. 9).[1] It is ordered that Bzeih's petition be transferred back to the Northern District of Alabama due to this Court's lack of jurisdiction.

I. Background

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Safi Moustafa Bzeih ("Bzeih"). Bzeih, a citizen of Lebanon, contends he is an alien who has been detained in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("ICE") for over two years (Doc. 1). Bzeih asks to be released pending removal, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) (Doc. 1). Bzeih also filed an "Emergency Motion for Stay of Removal" (Doc. 21).

---

[1] Respondents filed their Motion to Dismiss while the case was in Alabama (Doc. 9). Respondents argue: (1) Bzeih's petition was filed prematurely; (2) Bzeih caused the delay in his removal by refusing to cooperate; and (3) Bzeih has not shown there is no significant likelihood of his removal in the reasonably foreseeable future (Doc. 9).

## II. This Court lacks subject matter jurisdiction.

The Court must address its jurisdiction to review this case. Bzieh asserts both a Zadvydas claim challenging pre-removal detention, and a motion for stay of removal.

First, a district court lacks jurisdiction to order a stay of removal. See Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006), cert. den., 549 U.S. 1132 (2007); see also Leger v. Young, 464 Fed. Appx 352, 353 (5th Cir. 2012); Fabuluje v. Immigration and Naturalization Agency, 244 F.3d 133, *1 (5th Cir. 2000). That is properly considered by a court of appeals.

Second, it does not appear this Court has jurisdiction over Bzeih's Zadvydas claim. Bzeih's petition was transferred from the Western District of Louisiana to the Northern District of Alabama on the ground that he was incarcerated in Alabama when he filed his habeas petition. Jurisdiction over a habeas petition attaches at the time of filing. Lee v. Wetzel, 244 F.3d 370, 373-375 (5th Cir. 2001). Jurisdiction over a habeas petition is not destroyed by the transfer of the petitioner and accompanying custodial change. See Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014); see also Ex parte Mitsuye Endo, 323 U.S. 283, 306-07 (1944) ("[P]ower 'to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty'… may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court."); Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (stating in dicta, "Endo stands for the important but limited proposition that

when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release. Endo's holding does not help respondents here."); Linares v. Department of Homeland Security, 2015 WL 1138508, *1 at n.1 (N.D. Ala. 2015); Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008); Saho v. Streiff, 2008 WL 2622823, *3 (S.D. Ala. 2008).

In this case, the Western District of Louisiana transferred the case to Alabama because that was where Bzeih was incarcerated when he filed his habeas petition (Doc. 1, p. 2). The Northern District of Alabama transferred Bzeih's petition back to the Western District of Louisiana because Bzeih had been transferred to a detention facility in Louisiana, citing Rumsfield v. Padilla, 542 U.S. 426, 433 (2004) (Doc. 13). However, Rumsfield involved the determination of the proper venue for initially filing a habeas petition; it did not involve a petitioner who was transferred after he filed his habeas petition. Pursuant to Rumsfield, the Northern District of Alabama has jurisdiction over Bzeih's habeas petition because that is where he was detained when he originally filed his petition (Doc. 1, p. 2). This Court, as well as the Fifth Circuit, lack jurisdiction to rule on any aspect of Bzeih's habeas petition. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."). Therefore, this Court must transfer Bzeih's petition back to the Northern District of Alabama.

However, since a district court lacks jurisdiction to order a stay of removal, Bzieh's Emergency Motion for Stay of Removal (Doc. 21) must be ruled on by the Eleventh Circuit. Therefore, that motion (Doc. 21) should be transferred to the United States Court of Appeals for the Eleventh Circuit.

III. Order

IT IS ORDERED that the Clerk of Court shall TRANSFER this case to the United States District Court for the Northern District of Alabama, the district in which Bzieh was incarcerated at the time this habeas petition was filed.

IT IS FURTHER ORDERED that the Clerk of Court shall TRANSFER Bzieh's Emergency Motion for Stay of Removal (Doc. 21) to the United States Court of Appeals for the Eleventh Circuit.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 10th day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge